ELLEN H. CLIVE, PLAINTIFF-RESPONDENT, v. THEODORE
SCHLOSSBACH, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 5, 1949—Decided January 6, 1950.

Before Judges McGeehan, Colie and Eastwood.

Mr. *William H. D. Cox* argued the cause for appellant (*Messrs. Cox & Walburg,* attorneys).

Mr. *William J. O'Hagan* argued the cause for respondent (*Messrs. Stout & O'Hagan,* attorneys).

The opinion of the court was delivered by

Colie, J. A. D.  The plaintiff sued Ocean Grove Camp Meeting Association of the Methodist Episcopal Church and Theodore Schlossbach to recover damages for injuries received from falling on a sidewalk on South Main Street, Ocean Grove, New Jersey.  There was a directed verdict in favor of the Association and the jury returned a verdict in favor of plaintiff against the defendant Schlossbach for $1,853.25. He appeals therefrom.

The complaint was in nuisance, alleging that "the sidewalk * * * was improperly constructed in that it was not constructed at the * * * same level of the other sidewalks adjoining the sidewalk of the defendant."

On November 28, 1945, at dusk, plaintiff was walking on the sidewalk when she stubbed her toe and fell.  The point where she fell was at the junction of the last cement square or slab on defendant's property and the first on the Association's.  The condition was variously described as a "difference in level," "a break or hole," "a slight upheaval."  An expert witness called by the plaintiff testified that the sidewalk fronting defendant's property was "apparently laid at a different time * * * there is a difference in level of about one and three-eighths of an inch."  His testimony was based upon an examination of the sidewalk made more than three years and four months after the accident sued upon and it is said in respondent's brief that "the proofs * * * were strong * * * that the sidewalks did not meet evenly at the time they were laid."  We have examined the testimony with care and the evidence does not support that statement.  From all the testimony, it seems clear that at some indefinite time prior to

the accident, the sidewalk of the Association had upheaved, causing the difference in level. In *Murphy v. Fair Oaks Sanatorium,* 127 *N. J. L.* 255 (*E. & A.* 1941), the court, in sustaining a nonsuit, said: "There was no testimony whatever to show an improper construction * * * of the sidewalk, or how, when or by whom it was constructed, * * *." That case we deem controlling.

The judgment is reversed.